IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MANUELLA ORTIZ, as surviving spouse of JUAN GUTIERREZ PEREZ, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-13-32-D |
| COOPER TIRE & RUBBER COMPANY, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Cooper Tire & Rubber Company's Motion to Strike Plaintiffs' Original Complaint [Doc. No. 7]. Plaintiffs have timely responded in opposition to the Motion, and the time period for filing a reply brief has expired. Thus, the Motion is at issue.

This diversity case concerns the death of Juan Gutierrez Perez and injuries suffered by other passengers in a motor vehicle accident allegedly caused by the failure of a tire manufactured by Defendant. Plaintiffs claim the tire was defective in design, manufacture, and marketing (failure to warn), and their Complaint asserts claims of strict products liability, negligence, and breach of warranty. Defendant does not challenge the sufficiency of Plaintiffs' pleading to state claims for relief. Instead, Defendant moves pursuant to Fed. R. Civ. P. 12(f) to "strike" the Complaint because: it contains "boilerplate" allegations similar to a state court petition filed in a Kansas case, which was stricken by the court (*see* Motion, at 3-4); it violates the notice-pleading standard of Fed. R. Civ. P. 8 because it is "excessively

and unjustifiably long" (*see* Motion, at 6-7); and 3) it violates Fed. R. Civ. P. 11 because it contains 29 paragraphs of "irrelevant and inflammatory statements" designed to harass Defendant that are based on confidential discovery produced in other cases subject to protective orders (*see* Motion, at 7-8). Alternatively, Defendant contends these paragraphs should be stricken from the Complaint because they contain argumentative, immaterial information obtained through confidential discovery and their inclusion in this case serves to confuse the issues and prejudice Defendant.

Rule 12(f) authorizes a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Defendant provides no legal authority for the proposition that Rule 12(f) permits a court to strike an entire pleading. Notably, in the Kansas case cited by Defendant, which was decided under state procedural rules, the court struck certain paragraphs from the petition. As to Plaintiffs' alleged violation of Rule 8, "a failure to satisfy Rule 8 can supply a basis for dismissal" pursuant to Rule 41(b). *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). However, Plaintiffs' Complaint does not resemble the sort of unintelligible pleading that has been found to violate Rule 8.[1] *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Nor has Defendant filed a proper motion for sanctions under Rule 11 to remedy an alleged violation of that rule. *See* Fed. R. Civ. P. 11(c)(2). Accordingly, the Court considers only

---

[1] In fact, Defendant filed its Answer [Doc. No. 8] contemporaneously with the Motion.

Defendant's alternative request to strike "Paragraphs 5.3 through 5.31 of Plaintiffs' Original Complaint." *See* Motion, at 9.

Upon consideration of this request, the Court finds that Defendant has failed to justify the relief sought. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause come sort of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d. ed. 2004) (footnotes omitted). In this case, the Court finds that the allegations at issue do not present spurious issues or clearly irrelevant matters that may properly be stricken under Rule 12(f).

The challenged paragraphs of the Complaint concern an alleged history of conduct or knowledge by Defendant regarding alleged defects in its tires and improvements that could have been made. Although not all of the allegations may be pertinent to the tire at issue in this case, they are not totally unrelated to Plaintiffs' quest to recover punitive damages due to Defendant's alleged "reckless, willful and wanton disregard for the safety of others." *See* Compl. [Doc. No. 1], ¶ 8.2. Further, Plaintiffs contend, and present evidence to show, that the challenged paragraphs reflect publicly available information; these same allegations have been made in complaints filed against Defendant in other cases. Defendant cannot show

significant prejudice from the mere repetition of them in this case. Therefore, the Court declines to strike Paragraphs 5.3 through 5.31 from the Complaint.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiffs' Original Complaint [Doc. No. 7] is DENIED.

IT IS SO ORDERED this 16th day of May, 2013.

*[signature]*
_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE