IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MANUELLA ORTIZ, as surviving spouse )
of JUAN GUTIERREZ PEREZ; )
CARLOS MORALES; and )
ROLANDO MORALES, )
 )
       Plaintiffs, )
 )
vs. ) NO. CIV-13-32-D
 )
COOPER TIRE & RUBBER COMPANY, )
 )
       Defendant. )

# **O R D E R**

Before the Court is Plaintiffs' Motion to Permit the Use of Confidential Documents [Doc. No. 35]. Plaintiffs seek permission to use confidential documents in the depositions of Defendant's former employee, Dwayne Beach,[1] and other former employees of Defendant without a requirement that they sign a promise of confidentiality. In this regard, Plaintiffs assert that paragraph 11 of the protective order entered in this case governs depositions and does not require a deponent to sign a promise of confidentiality. Moreover, Plaintiffs contend Defendant's position that Mr. Beach must sign a promise of confidentiality is unreasonable in light of his history, background and relationship to Defendant, including his testimony in prior cases, both as an employee and as a litigation consultant, concerning the confidential documents at issue.

---

[1] The only witness listed by any party with a similar name is Brian E. "Dewey" Beach. Thus, the Court assumes that Plaintiffs' Motion contains a typographical error.

Defendant has filed an objection to Plaintiffs' Motion asserting that it should be denied on several bases. Defendant asserts that the Motion is premature because Mr. Beach has not yet been subpoenaed to testify nor has he yet refused to sign the promise of confidentiality required by paragraph 6 of the protective order; that Plaintiffs have not certified that their counsel conferred about this matter with Defendant's counsel as required by LCvR37.1; that paragraph 11 of the protective order expressly grants Defendant the right to require any deponent to sign the promise of confidentiality, including Mr. Beach; and that Plaintiffs' allegation that paragraph 6 of the protective order does not apply to Mr. Beach's deposition is unfounded.

Plaintiffs in reply state that this dispute was discussed with Defendant's counsel over the course of multiple telephone conferences and Defendant's counsel ended discussions by an email stating, "I just don't have an answer for you since Beach is not my client. I would say do what you need to do." *See* Reply Br., Ex. 1 [Doc. No. 54-1]. Plaintiffs maintain that this satisfied their LCvR37.1 obligation and they would not have brought this Motion otherwise. The thrust of Plaintiffs' reply is that because the parties ascribe different interpretations to pertinent provisions of the protective order, there was no meeting of the minds as to those provisions. Plaintiffs say they never would have agreed to an interpretation of the protective order that would allow long-time Cooper employees and trial consultants to simply say "no thanks" when subpoenaed to testify regarding documents they authored or received during Defendant's investigation into its tread separation problem.

First, the Court disagrees with Defendant that Plaintiffs' Motion is premature. It is not necessary for Plaintiffs to have subpoenaed Mr. Beach or identified which confidential documents they intend to disclose to him, nor to know who will represent Mr. Beach at a deposition. The dispute between Plaintiffs and Defendant, whose confidential documents are at stake, is sufficiently developed and concrete to make disposition at this time appropriate. Secondly, the Court finds from the information provided by Plaintiffs' reply brief that LCvR37.1 has been satisfied.

Paragraph 11 of the protective order entered in this case – the Order of Confidentiality Relating to Cooper Tire & Rubber Company Confidential Documents [Doc. No. 28] (hereafter, "Protective Order") – specifically governs depositions. It provides, *inter alia*, that "[i]f any confidential material is used or referred to during any deposition," Defendant's counsel may require that only certain persons, including the deponent, may be present for the portion of the deposition dealing with confidential material. *See* Protective Order at 7, ¶ 11. It further provides, at footnote 7, that "[c]ounsel for [Defendant] may also serve a copy of this Protective Order of Confidentiality upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning." *Id*. Thus, Defendant is correct that it may require Mr. Beach to sign the promise of confidentiality before he is questioned about confidential material in this case.

Paragraph 6 of the Protective Order expressly governs access to confidential material and limits access to "authorized persons," which is defined to include "[w]itnesses to be deposed in this lawsuit (subject to the terms set forth in Section 11 ("Depositions") . . . ), that

3

have read this Protective Order of Confidentiality and have executed a Promise of Confidentiality in the form attached as Exhibit A." *Id*. at 4, ¶ 6(f). Thus, there can be no doubt that Defendant has a right under the Protective Order to require any deponent, including Mr. Beach, to sign the promise of confidentiality before confidential material is disclosed to him or her during a deposition.

Plaintiffs' assertion that there was no meeting of the minds concerning the terms of the Protective Order is without merit. The Protective Order is clear and unambiguous. All parties jointly moved for entry of the Protective Order, and both Plaintiffs' counsel and Defendant's counsel approved the form of the Order.

Finally, the facts that Mr. Beach has a past relationship with Defendant as an employee and a consultant and that he signed a confidentiality agreement with Defendant in November of 2007 (*see* Def.'s Resp. Br., Ex. B) are irrelevant. The Protective Order is what governs the disclosure of confidential material to deponents and the questioning of deponents about such material in this litigation. Of course, as an order of the Court, the Protective Order may be modified under appropriate circumstances. Should Plaintiffs need deposition testimony that is unavailable because Defendant insists on a promise of confidentiality and a witness refuses to sign, then Plaintiffs may seek relief from the Protective Order in this Court, or may seek an appropriate order from the court where the deposition is taken.[2]

---

[2] Under the existing Scheduling Order, Plaintiffs would also need to seek relief from the deadline to complete discovery, which was July 7, 2014.

In accordance with the foregoing, Plaintiffs' Motion to Permit the Use of Confidential Documents [Doc. No. 35] is DENIED.

IT IS SO ORDERED this 13th day of August, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE