IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MANUELLA ORTIZ, as surviving spouse )
of JUAN GUTIERREZ PEREZ, *et al.*, )
　)
　　　　Plaintiffs, )
　)
v. ) Case No. CIV-13-32-D
　)
COOPER TIRE & RUBBER COMPANY, )
　)
　　　　Defendant. )

## **O R D E R**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on Defendant Cooper's Affirmative Defenses [Doc. No. 39]. Defendant Cooper Tire & Rubber Company has timely opposed the Motion, and the time for filing a reply brief has expired.

### **Standard of Decision**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits,

deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Plaintiffs' Motion**

This case concerns an automobile accident allegedly as the result of a defective tire manufactured by Defendant. Plaintiffs seek a determination that Defendant cannot prevail on certain affirmative defenses asserted in its Answer. However, Plaintiffs present no facts to show they are entitled to summary judgment on these defenses; they merely list challenged defenses and state for each one that Defendant has no evidence to support it. Plaintiffs' Motion fails to comply with Rule 56(c) and LCvR56.1(b). Nevertheless, Defendant has responded to the Motion by presenting facts, properly supported in the manner required by Rule 56(c), that purport to show a genuine dispute exists.

**Discussion**

Plaintiffs have failed to carry their burden as movants to demonstrate that there is no genuine dispute as to any material fact bearing on Defendant's challenged defenses. Moreover, upon consideration of Defendant's response, the Court finds that Defendant has presented specific facts that show a genuine issue for trial regarding most challenged defenses. The exceptions to this finding are: (1) Defendant states in its response that it "withdraws the affirmative defense of joint venture or enterprise," *see* Def.'s Resp. Br. [Doc.

No. 58], p.12; (2) Plaintiffs' abandonment of their breach of warranty claims renders all contractual defenses moot, *see* Pls.' Resp. Def.'s Mot. Summ. J. [Doc. No. 60], p.1 (announcing "Plaintiffs abandon any warranty claims"); *see also* Def.'s Resp. Plfs.' Mot. Summ. J. [Doc. No. 58], p.6, 13-14 (stating certain defenses are viable only "to the extent Plaintiffs are bringing a breach of warranty claim" and arguing warranty claims require privity); and (3) the Court finds legally unsupportable Defendant's argument that the decedent, Juan Gutierrez Perez, and a defendant who suffered paraplegia as a result of the accident, Carlos Morales, failed to mitigate their damages by not wearing seatbelts. *See* Def.'s Resp. Plfs.' Mot. Summ. J. [Doc. No. 58], pp.14-15.

A duty to mitigate damages arises when a plaintiff suffers an injury as a result of the defendant's conduct. Conduct occurring before the accident is not a damages issue. *See Fields v. Volkswagen of Am., Inc.*, 555 P.2d 48, 62 (Okla. 1976) ("One's duty to mitigate damages cannot arise before he is damaged. The failure to minimize must occur after the injury."). Accordingly, to the extent Defendant's affirmative defense of failure to mitigate damages is based on the injured persons' failure to buckle their seatbelts before the accident, this defense fails as a matter of law.

However, to the extent Defendant contends that Carlos Morales unreasonably failed to mitigate his damages by not obtaining medical care that would have improved his physical condition, mobility, and functional capacity after his injury, the Court finds that Defendant has demonstrated a genuine dispute of material fact regarding this affirmative defense. It is well established in Oklahoma "that a person injured by the negligence of another is bound

3

to use ordinary care in the treatment of such injury, and cannot recover enhanced damages arising from his neglect to exercise such care." *City of Ada v. Smith*, 175 P. 924, 925 (Okla. 1917). Although research reveals no Oklahoma case authorities directly on point, other jurisdictions have held that a defendant asserting a mitigation-of-damages defense raises a triable issue of fact by presenting evidence that an injured plaintiff acted unreasonably in refusing or discontinuing treatment. *See*, *e.g.*, *Fox v. Evans*, 111 P.3d 267, 269-270 (Wash. App. 2005); *see also Jancura v. Szwed*, 407 A.2d 961, 963 (Conn. 1978) ("It has long been a rule of general application that one who has been injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries. When there are facts in evidence which indicate that a plaintiff may have failed to promote his recovery and do what a reasonably prudent person would be expected to do under the same circumstances, the court, when requested to do so, is obliged to charge on the duty to mitigate damages.") (internal quotation and citation omitted). Therefore, the Court finds that Plaintiff is not entitled to summary judgment on the affirmative defense of failure to mitigate damages.

## Conclusion

For these reasons, Plaintiffs are entitled to summary judgment on the following defenses: joint venture or enterprise; doctrines of privity or disclaimer; privity of contract; and to the extent based on a lack of seatbelt usage, failure to mitigate damages. In all other respects, Defendant has demonstrated a genuine dispute of material facts with regard to its affirmative defenses.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment on Defendant Cooper's Affirmative Defenses [Doc. No. 39] is GRANTED in part and DENIED in part, as set forth herein.

IT SO ORDERED this  25th  day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE